

15 CV 01545

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HASSAN A. ABBAS, ESQ. ) <br> Plaintiff – Pro Se ) <br> ) <br> v. ) <br> ) <br> ORRICK, HERRINGTON ) <br> SUTCLIFFE, LLP; ) <br> RICHARD A. MARTIN, ESQ. ) <br> Defendants _____ ) | CASE NO. <br><br> **COMPLAINT** <br><br><br><br> **JURY DEMANDED** |

## COMPLAINT FOR INTENTIONAL TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND/OR PROSPECTIVE ECONOMIC ADVANTAGE

Plaintiff respectfully submits his complaint as follows:

### I.

### PARTIES

1. Plaintiff, HASSAN A. ABBAS, is an Illinois attorney in good standing since November 1991, with address at 19 Don Carlos Drive, Hanover Park, Illinois, 60133. Tel. 1(630) 233-0621, email: *ha.law@hotmail.be*.

2. Defendant, RICHARD MARTIN, is a New York attorney at the law firm of Defendant ORRICK, HERRINGTON, SUTCLIFFE, LLP, (hereinafter "Orrick") with address at 51 West 52nd Street, New York, New York, 10019. Tel. 1 (212) 506-5135, and email: *rmartin@orrick.com*.

1

3. Orrick conducts business in the United States and the world through its Attorneys, who are agents or employees or associates or partners, and through a myriad of limited liability companies or professional corporations, or law firm partnerships, or divisions, or wholly-owned subsidiary, or alter ego companies, which are integrated companies, and/or subsidiaries, and/or divisions, and/or professional corporations and/or law firms partnerships, whose activities and conduct and/or assets and/or finances, are controlled, dominated and/or directed by Orrick and/or its majority shareholders and/or partners, including but not limited to, partner, Mr. Richard Martin, and/or, partner, Mr. Peter Bicks. The associates who assisted Mr. Martin in the representation of KBC Bank in the *Midamines* case are lawyers at Orrick, namely, Ms. Katherine Maco, and Ms. Nikhila Raj, and Mr. Mathew Pickel.

4. Throughout the events related to this lawsuit, Mr. Richard Martin was fully working within the scope of his authority for Orrick, and in the firm-related matter relative to the representation of KBC Bank. Mr. Richard Martin was working within the scope of his employment, and/or within the scope of his partnership at Orrick, and/or within the scope of his agency relationship with Orrick, and with the authority and consent of the Orrick law firm. The Orrick partners and lawyers

2

had knowledge of, and were negligent in supervising their co-partner Mr. Martin when he sent his various emails to Handler Thayer LLP, and Orrick knew of Mr. Martin's abuse of the Second Circuit Court's July 16, 2014 order, so as to damage Mr. Abbas' Of counsel relation with Handler Thayer LLP. The Orrick law firm and Mr. Richard Martin, are closely related as Mr. Martin is an attorney and partner at Orrick. Defendants are alter egos of each other and/or act as principal-agent, and/or as master-servant, and respondeat superior principles apply, and Defendants are jointly and/or severally liable for payment of Plaintiff's damages.

II.

### UNITED STATES DISTRICT COURT'S JURISDICTION

5. The Court has jurisdiction over the Defendants, Mr. Richard Martin and Orrick, Herrington, Sutcliffe LLP, through Diversity of Citizenship, Title 28 U.S.C. § 1332 – as Plaintiff, Mr. Hassan Abbas, is an Illinois attorney with address at 19 Don Carlos Drive, Hanover Park, Illinois, 60133, and Defendants, Mr. Martin and Orrick are registered, incorporated, and/or are residents in New York. Mr. Martin and Orrick, Herrington, Sutcliffe LLP have a principal place of business at 51 West 52nd Street, New York, New York, 10019, and the amount in controversy exceeds the jurisdictional minimum of $75,000, excluding interest, and venue is proper.

3

### III.

### PRELIMINARY FACTUAL BACKGROUND

6.  A few hours after the Second (2nd) Circuit Court of Appeals filed its order

on July 16, 2014, (Doc. #126) in the case of *Midamines Sprl Ltd. and Hassan Abbas v.*

*KBC Bank, NV*, No. 14-862 (hereinafter referred to as the *"Midamines"* case), Mr.

Richard Martin, of the Orrick law firm, sent an email to Mr. Thomas Handler of the

firm Handler Thayer LLP, Attorneys and Counselors at Law, 191 N. Wacker Drive,

23rd Floor, Chicago, Illinois 60606-1633, *www.handlerthayer.com*, and improperly

threatened to seek payment from Mr. Handler and the firm of Handler Thayer

LLP, as follows:

Dear Mr. Handler,

We represent KBC Bank, NV in a litigation in the U.S. Court of Appeals for
the Second Circuit.  As the attached order, certified today, makes clear, Mr. Abbas,
who is indicated as Of counsel to your firm and who has sent us extensive
correspondence on your firm's letterhead relating to the precise matters at issue in
the attached order, has been ordered to reimburse our firm's costs and fees relating
to two motions.  **Please be advised that in the event Mr. Abbas does not pay our
firm's costs and fees as ordered, we will look to your firm to do so.** (emphasis
added)

Very Truly Yours,
Richard Martin

(IMAGE/ADDRESS - ORRICK)

4

## IV.

## CAUSE OF ACTION

## INTENTIONAL AND/OR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND/OR PROSPECTIVE ECONOMIC ADVANTAGE

A.    Mr. Martin's Misuse/Abuse of the 2nd Circuit Court's July 16, 2014 Order

7.    The Court's July 16, 2014, order does not implicate Mr. Handler and the firm of Handler Thayer LLP.  Mr. Martin and Orrick sent the email to Mr. Handler solely to: (a) injure Mr. Abbas' business relations, and (b) damage Mr. Abbas' Of Counsel relationship with Handler Thayer LLP, and (c) damage Mr. Abbas' prospective economic advantages.   Mr. Martin's and Orrick's conduct was egregious, malicious and vindictive.

8.    Mr. Martin was motivated by malice towards Mr. Abbas.  Also Mr. Martin was motivated by bad faith.  Mr. Martin was seeking revenge because Mr. Abbas had filed a motion to disqualify Mr. Martin for pursuing a frivolous litigation position on appeal in the Second (2nd) Circuit Court of Appeals, Doc. 53-1, case of *Hassan A. Abbas and Midamines v. KBC Bank NV*, Case No. 14-862 (2d Cir.).

9.    Mr. Martin and Orrick knew the 2nd Circuit Court's order did not pertain to Handler Thayer.  Mr. Martin and Orrick intentionally misused the Court's order in the email, to send it to Mr. Handler, in order to prejudice and

5

damage the Of Counsel relationship that Mr. Abbas had established with Mr. Handler and the law firm of Handler Thayer, and to damage Mr. Abbas' business relations, and to damage Mr. Abbas' prospective economic advantages.

10.     Mr. Abbas was in an economic relationship and/or an Of counsel relationship with the firm of Handler Thayer LLP that would have resulted in substantial economic benefits to Mr. Abbas.  Mr. Martin and the law firm of Orrick knew of that economic relationship and knew of Mr. Abbas' Of counsel relationship with Handler Thayer.  Mr. Martin and Orrick acted with malice, and their conduct not only threatened – but was indeed calculated – and intended to maliciously disrupt and damage the economic and Of counsel relationship and business relation that Mr. Abbas had established with Handler Thayer LLP.

11.     Mr. Martin and Orrick engaged in wrongful conduct by misusing the Court's order and thus used wrongful means to damage Mr. Abbas' prospective economic advantages, and damage his business relations, and damage the Of counsel relationship established between Mr. Abbas and Handler Thayer LLP.

12.     Mr. Martin and Orrick abused and misused the Second Circuit Court of Appeals' Order of July 16, 2014 to improperly threaten Mr. Handler and the firm of Handler Thayer LLP for no legitimate reason and without legal basis, and Mr.

6

Martin acted with vindictiveness and with malice and solely to damage Mr. Abbas' business relations and/or Of Counsel relationship between Mr. Abbas and the law firm of Handler Thayer LLP.

13.    Mr. Abbas was harmed by Mr. Martin and Orrick's intentional and malicious conduct and abusive email threats to Handler Thayer LLP. Mr. Martin and Orrick's conduct was the cause of the damage to Mr. Abbas' relationship with Handler Thayer.

14.    Mr. Abbas would have received significant economic benefits and advantages but for the malicious and wrongful conduct of Mr. Martin and Orrick which caused the termination of Mr. Abbas' business relations and/or Of counsel relationship with Handler Thayer LLP.

15.    Mr. Abbas' business relations and/or Of counsel relationship with Handler Thayer would not have been terminated and would still be intact today, but for Mr. Martin's intentional misuse of the 2nd Circuit's Court order and abusive conduct in improperly and maliciously threatening Handler Thayer LLP with costs and fees without any factual and/or legal justification, which directly caused damage to Mr. Abbas' business relation and Of counsel relationship with Handler Thayer LLP.

7

16.     The result of Mr. Martin and Orrick's malicious email to Mr. Handler has been the termination of the Of Counsel relationship that Mr. Abbas had established with the firm of Handler Thayer LLP – and Mr. Abbas' bio has been removed from the website of Handler Thayer.   The result of Defendants' misconduct and intentional and tortious interference has been significant damage to Mr. Abbas' business relations and also significant damage to Mr. Abbas' prospective economic advantages.

**B.      Mr. Martin's Malice and Personal Vendetta Against Mr. Abbas**

17.     Mr. Martin and Orrick were aware the Court's order of July 16, 2014, pertained only to the parties in that case, *Midamines Sprl Ltd. and to Hassan A. Abbas.* In the email, Mr. Martin and Orrick threatened Handler Thayer LLP with the Second Circuit Court's order of July 16, 2016, with malice and in bad faith, on the alleged basis that: (a) Mr. Martin had received some emails from Mr. Abbas with the Handler Thayer LLP letterhead, and (b) that Mr. Abbas had a bio on the Handler Thayer website, and (c) on Mr. Martin and Orrick's spurious contention that Mr. Abbas was acting as representing Handler Thayer in the particular *Midamines Sprl v. KBC Bank NV* matter pending before the Second Circuit Court of Appeals – which Mr. Martin and Orrick knew was categorically not true.

8

18.     Mr. Martin and Orrick acted with malice because Mr. Martin and Orrick knew that Handler Thayer <u>never appeared</u> – and – <u>never represented any party</u> in the *Midamines Sprl v. KBC Bank* case pending before the Second Circuit Court of Appeals.  Mr. Martin and Orrick also knew that Handler Thayer LLP <u>was not mentioned in the Court's order</u>.  Mr. Martin and Orrick knew that they could not look to Handler Thayer for any sort of payment of fees and costs based on the 2nd Circuit Court's July 16, 2014 order – which does not apply to Handler Thayer.

19.     Mr. Martin and Orrick knew that since 2012, Mr. Abbas has been a *pro se* party all along in the *Midamines Sprl Ltd. and Hassan Abbas v. KBC Bank NV* , and that Mr. Abbas was admitted *pro hac vice* as counsel for Midamines Sprl Ltd.

20.     Mr. Martin and Orrick were motivated solely by malice and bad faith.   Mr. Martin and Orrick's conduct was vindictive, oppressive, abusive, malicious and was solely intended to cause damage to Mr. Abbas' business relations and prospective economic advantage, and to damage the Of Counsel relationship of Mr. Abbas with his colleagues at the firm of Handler Thayer in Chicago, Illinois, and indeed had the effect of damaging Mr. Abbas' economic, business, and professional relations, and damaging Mr. Abbas' means of livelihood.

21.     Mr. Martin and Orrick's conduct was deliberate and premeditated to maliciously injure Mr. Abbas, in order to exact revenge for Mr. Abbas' filing of a motion to disqualify Richard Martin in the Second Circuit Court of Appeals.

22.     Mr. Martin and Orrick wrongfully abused and exploited the Second Circuit Court's order of July 16, 2014 to threaten Mr. Handler, and thus Mr. Martin and Orrick employed wrongful means to maliciously damage Mr. Abbas' Of Counsel relationship with Handler Thayer LLP.

23.     Mr. Martin exploited the Court's order to harass and threaten Mr. Handler, who is a well respected lawyer in Illinois, and to threaten Handler Thayer LLP, which is one of the best private client law firms in the United States, in order to damage Mr. Abbas' relationship with the firm of Handler Thayer LLP.

24.     Mr. Thomas Handler and Mr. Steven Thayer and the Handler Thayer firm were shocked and dismayed to receive such unwarranted and unsolicited threats in an email from Mr. Martin.  Mr. Handler advised Mr. Martin that the Handler Thayer LLP firm would not pay Orrick's billing note.

25.     Mr. Martin and Orrick knew there was no legal justification to collect any fees and costs from Handler Thayer based on the Court's July 16 order, which does not involve or mention Mr. Handler or Handler Thayer LLP in any way.

10

26.     After receiving the email on July 16, 2014, Mr. Abbas duly advised Mr. Martin that he would be filing a motion to reconsider the order of the Second Circuit Court of Appeals in the *Midamines* case within the fourteen days as permitted under the Federal Rules of Appellate Procedure, Rule 27 (b), including to reconsider and reverse the 2nd Circuit Court's order as to the imposition of sanctions against Mr. Abbas and Midamines Sprl Ltd., the Illinois corporation on the basis of clear error of law and/or manifest injustice.     Case No. 14-862, *Midamines Sprl Ltd. v. KBC Bank NV*, Doc. #135-1 (Appellants' Motion for Panel and En Banc Reconsideration of the Order of July 16, 2014 – filed July 25, 2014 (2nd Cir.).

27.     Mr. Abbas advised Mr. Martin that the firm of Handler Thayer LLP has nothing to do with the *Midamines* case and Orrick should not harass Mr. Thomas Handler with any more emails and threats.     Mr. Abbas reminded Mr. Martin and Orrick that the *Midamines v. KBC Bank* case was filed *pro se* in 2012, on Mr. Abbas' own behalf for payment of the bank checks and legal fees. Mr. Martin and Orrick knew that Mr. Abbas was counsel for Midamines Sprl Ltd., and that Mr. Abbas was admitted *pro hac vice*, and that Mr. Abbas had listed as an address with the Court: 19 Don Carlos Drive, Hanover Park, Illinois 60133, with the email *ha.law@hotmail.be*. Orrick knew the matter had nothing to do with Handler Thayer.

11

28.     Mr. Martin and Orrick were fully aware that Mr. Handler and Handler Thayer LLP never filed an appearance in the case of *Midamines Sprl Ltd. v. KBC Bank NV.*  Mr. Martin and Orrick knew the firm of Handler Thayer LLP did not and does not represent any party in the *Midamines* case.  Mr. Martin and Orrick realized and knew that the Second Circuit Court's July 16 Order is not applicable to Handler Thayer LLP – and was never applicable – to Hander Thayer LLP.

29.     Accordingly Plaintiff, Mr. Abbas, duly advised the Defendants that – Mr. Martin and Orrick may not look – to Mr. Handler or his firm for payment, and that Mr. Martin and Orrick's conduct was baseless and constituted harassment of Mr. Handler, and he should not continue to "cc" Mr. Handler .

30.     Mr. Martin and Orrick's email was malicious and solely designed to injure Mr. Abbas' economic relations and expectancy interests.  Mr. Martin and Orrick sent Mr. Abbas another email on July 16, 2014, with an intentional "cc" to Mr. Handler:

*"As usual we disagree about every assertion you have made. We, not you, will decide how to proceed to collect. And to the extent you pursue the matter further we will seek our costs for that unnecessary and groundless expense. You have lost, and now you have to pay us those costs and fees the Court ordered. We will send you our billing note. To quote you, it's time to stop this nonsense."*

12

31.     On July 16, 2014, Mr. Martin and Orrick sent another email with "cc" to Mr. Handler:

*"Be advised that we will pursue sanctions and costs for every additional step you take on these matters, and I believe Ms. Gredd (who represents ADB, still owned by KBC) has already warned you about proceeding in NY. I repeat her warning."*

32.     Mr. Martin and Orrick engaged in abusive litigation practices and intimidation tactics against Mr. Abbas.   Mr. Martin and Orrick sent harassing emails to Mr. Thomas Handler, and threatened collection proceedings against the firm of Handler Thayer LLP, by misusing the Second Circuit Court of Appeals' order of July 16, 2014, and Mr. Martin and Orrick caused damage to Mr. Abbas' Of counsel and business relationship with Handler Thayer LLP.

33.     Mr. Martin and Orrick sent Mr. Abbas yet another email on July 16, 2014, again with "cc" to Mr. Handler, with a copy of one of Mr. Abbas' emails with Handler Thayer letterhead sent to him, and Mr. Martin made the spurious allegation:

*"This shows you have been representing yourself as acting on behalf of the Handler firm, and the link to the firm that I just used shows you as Of Counsel today."*

34.     Mr. Abbas advised Mr. Martin and Orrick that he had established the business relation and Of Counsel relationship recently in April 2014 with Handler Thayer and had been provided an email *habbas@handlerthayer.com*, and

13

that Mr. Abbas had his bio posted on the website of Handler Thayer – which has now been removed as a result of Mr. Martin's and Orrick's egregious conduct – but that does not mean that Handler Thayer are involved in any way whatsoever in the *Midamines v. KBC Bank* case pending in the 2nd Cir. Court of Appeals.

35. Defendants, Mr. Martin and Orrick intended to inflict harm on Plaintiff, Mr. Abbas, without any excuse or justification. Mr. Martin and Orrick caused damages to Mr. Abbas. The conduct of Defendants was culpable and malevolent as Mr. Martin and Orrick had no basis to believe that the July 16 Order of the Second Circuit Court of Appeals applied to Handler Thayer, or that payment could be extracted by way of misusing the Court's order, and sending malicious threats, or vexatious and abusive emails, to the firm of Handler Thayer LLP.

**C. The Elements of Tortious Interference With Prospective Economic Advantage Are Met Under The Circumstances Of This Case. See,** *Kirch v. Liberty Media Corp.*, **449 F. 3rd 388, 400 (2d Cir. 2006) For The Elements Of The Claim Herein**

36. The elements of intentional and/or tortious interference with prospective economic advantage and/or business relations are met as follows:

*(i)* Plaintiff, Mr. Abbas, had a business relation and/or an Of Counsel relationship with Handler Thayer LLP. Plaintiff had a legitimate expectancy interest to receive economic benefits from his business relations and Of Counsel

14

relationship. Mr. Abbas would have received economic benefits and advantages from his business relations and/or Of Counsel relationship with Handler Thayer LLP, and Mr. Abbas would have received prospective economic advantages, but for, the Defendants' tortious and intentional interference with Mr. Abbas' prospective economic advantages and business relations and Of counsel relationship.

(ii) Defendants, Mr. Martin and Orrick, knew of Mr. Abbas' business relations. Defendants knew of Mr. Abbas' prospective economic advantages. Defendants knew of Mr. Abbas' Of counsel relationship with Handler Thayer. Defendants knew of Mr. Abbas' legitimate expectancy interests. Defendants knew of Mr. Abbas' prospective economic advantages that arise out of Mr. Abbas' business relations, and that arise of Plaintiff's Of counsel relationship with the firm Handler Thayer.

(iii) Defendants, Mr. Martin and Orrick, intentionally interfered with and damaged Mr. Abbas' Of counsel relationship with Handler Thayer. Defendants also intentionally interfered with and damaged Mr. Abbas' business relation/s. Defendants intentionally interfered with and damaged Mr. Abbas' prospective economic advantages, economic benefits and legitimate expectancy interests.

15

*(iv)* Defendants, Mr. Martin and Orrick acted solely out of malice, to exact vengeance, because Mr. Abbas had filed a motion to disqualify Mr. Martin in the case *Midamines v. KBC Bank* case pending in the Second Circuit Court of Appeals.

*(v)* Defendants, Mr. Martin and Orrick used improper, and unfair, and/or wrongful means, by misusing and abusing the 2nd Circuit Court's July 16 Order, to threaten Handler Thayer LLP with payment of costs and fees, when the Court's order did not apply to Handler Thayer LLP in any manner whatsoever; and Defendants knew there was no factual or legal basis to collect from Handler Thayer LLP.

*(vi)* Mr. Martin and Orrick's July 16, 2014 email to Handler Thayer LLP, and the threats contained therein were made in bad faith.

*(vii)* Defendants, Mr. Martin and Orrick's conduct caused irreparable injury to Mr. Abbas' business relations and/or caused damage to the Of counsel relationship then existing between Mr. Abbas and Handler Thayer LLP, and interfered with and caused damage to Mr. Abbas' prospective economic advantages.

*(viii)* Defendants, Mr. Martin and Orrick's outrageous conduct damaged Mr. Abbas' economic relations, and damaged Mr. Abbas' business relations, and

damaged the Of Counsel relationship established between Mr. Abbas and Handler Thayer – which was terminated as result of Defendants' abusive and malicious and wrongful conduct.

(ix) Mr. Abbas was directly and/or indirectly injured by Defendants' unconscionable and malicious conduct. Mr. Abbas sustained economic damages and suffered mental anguish: (a) as a result of Defendants' misconduct and abusive actions, and (b) as a result of Defendants' bad faith, malice and tortious interference with Mr. Abbas' prospective economic advantages, and (c) as a result of Defendants' damage to Mr. Abbas' business relations, and (d) as a result of Defendants' damage to Mr. Abbas' legitimate expectancy interests, and (e) as a result of Defendants' damage to Mr. Abbas reputation.

(x) But for, Defendants' Mr. Martin and Orrick's egregious conduct, Plaintiff would not have been deprived of prospective economic advantages and substantial economic benefits. But for Defendants' tortious interference with Mr. Abbas' Of counsel relationship with the firm of Handler Thayer, the Plaintiff's business relation with Handler Thayer would not be damaged, and Plaintiff would not have sustained damages and serious losses of prospective economic advantages and economic benefits.

17

37. But For, the Defendants' Mr. Martin and Orrick's tortious interference with Mr. Abbas' prospective economic advantages and business relations – Mr. Abbas would not have sustained substantial economic injury; and would not have lost clients and lost business relations; and would not have lost prospective economic benefits; and would not have lost prospective economic advantages; and would not have suffered significant economic damages; and would not have suffered mental anguish; and would not have sustained reputational damages.

38. Defendants Mr. Martin and Orrick's conduct was outrageous, and aggravated, and there was no justification for causing such severe harm to Plaintiff, Mr. Abbas. Defendants' conduct was provoked by an evil motive of retribution on the part of Mr. Martin and Orrick. Defendants' conduct was willful and wanton, particularly in that it was consciously and deliberately aimed at destroying Mr. Abbas' business and relations, and intended to interfere with and damage Plaintiff's prospective economic advantages and Of counsel relationship between Mr. Abbas and Handler Thayer; and in fact, Defendants' egregious conduct destroyed the Plaintiff's business relations, and destroyed the economic relation and Of counsel relationship with Handler Thayer and destroyed Plaintiff

Abbas' economic interests and destroyed his prospective economic advantages. The Defendants' conduct was in reckless disregard of the rights of Plaintiff, Mr. Abbas. The Defendants' conduct caused Mr. Abbas severe harm.

39.     Defendants Mr. Martin and Orrick knew of Mr. Abbas' additional business relations and/or prospective economic advantages – from Mr. Abbas' bio on the website of Handler Thayer – which Defendants read and duly examined.

**D.    <u>Additional Damages Caused by Defendants' Tortious Interference</u>**

40.     Defendants, Mr. Martin and Orrick, knew from Mr. Abbas' bio – on the website of the firm Handler Thayer LLP – that Mr. Abbas had also established an international law office in Beirut, Lebanon to advise on international law and taxation matters which is a specialization.  Defendants' were further aware and knew from Mr. Abbas' bio that was published on the Handler Thayer website that Mr. Abbas had established a niche market overseas with a reservoir of clients, and business relations, and prospective economic advantages.

41.     Mr. Abbas printed business cards as *"Of Counsel to Handler Thayer LLP"*, and distributed the business cards to his clients and prospective clients, and to various individuals, and businesses, and/or banks and bankers in Lebanon.

19

42.    Mr. Abbas promoted his "Of Counsel" relationship with Handler Thayer, and discussed with his overseas clients, such as in Lebanon, the new Foreign Account Tax Compliance Act ("FATCA" law), and Mr. Abbas discussed international law and tax matters, and promoted the legal ability of Mr. Abbas and Handler Thayer LLP, specializing in business, estate and tax law, as being highly capable to handle matters relative to international or U.S. law, and the Treasury Department, and/or the Internal Revenue Service.    Defendants knew from the website that Hander Thayer was voted one of the best private client law firms in the United States and/or Illinois for consecutive years, see *www.handlerthayer.com.*

43.    Defendants knew from Mr. Abbas' bio on the website of Handler Thayer LLP, that prospective business clients of Mr. Abbas, included but are not limited to, Lebanese banks and/or private individuals who require assistance with the U.S. Foreign Account Tax Compliance Act ("FATCA"), and/or clients who require assistance with the U.S. Treasury and/or the Internal Revenue Service.    The FATCA law applies to Lebanese banks and to individuals with United States nationality, or to those with dual citizenship, such as the Lebanese-Americans, and applies to green card holders and U.S. permanent residents who have foreign bank accounts in Lebanon.

20

44.     Mr. Abbas' business relations and prospective economic advantages have been damaged and various clients of Mr. Abbas have been lost, due to the Defendants' Mr. Martin and Orrick's outrageous conduct, and intentional interference with Mr. Abbas' business relations and prospective economic advantages, and damage to the Of Counsel relationship with Handler Thayer.

45.     The tortious and intentional interference by Mr. Martin and Orrick caused damages to Mr. Abbas' business relations and prospective economic advantages – and these damages were foreseeable by the Defendants – who were aware of Mr. Abbas' business relations. Defendants were aware of Mr. Abbas' Of counsel relationship with Handler Thayer LLP, and of Mr. Abbas' specific activity in the international domain and his prospective business clients overseas.

45.     The Lebanese banks, include but not limited to, the Banque Du Liban (BDL), i.e. the National Bank or Central Bank of Lebanon which supervises all banks in Lebanon and controls the monetary and economic policy of the entire country, to provide stability (akin to the Federal Reserve System in the United States), Banque du Liban et D'Outre Mer (BLOM), Banque Libano Francaise, etc.

46.     Mr. Abbas met with legal representatives and bank managers, and met with Lebanese-Americans, and met with individuals with U.S. passports and

21

individuals with green cards.  Mr. Abbas delivered the *"Of Counsel Handler Thayer LLP"* business cards to his business relations, and to the bankers, and lawyers, and prospective clients.

47.     Mr. Martin and Orrick's unwarranted and unsolicited threats with the Second Circuit Court's order, sent improperly to Mr. Handler of Handler Thayer LLP caused the termination and the removal of Mr. Abbas' bio from the Handler Thayer website.    Thereafter, the Plaintiffs' prospective clients and business relations could no longer find Mr. Abbas' bio on the website of Handler Thayer, and this caused severe negative consequences and damages to Mr. Abbas.

48.     Defendants', Mr. Martin and Orrick's, intentional interference with Plaintiff's business relations and intentional interference with Mr. Abbas' prospective economic advantages has caused damages and economic losses to Plaintiff, and has caused loss of business clients and loss of prospective economic advantages and loss of reputation to Mr. Abbas.

49.     The Defendants' conduct was purposeful and it was calculated by Mr. Martin and Orrick to cause damages to Mr. Abbas.  It was foreseeable by Defendants that the intentional interference with Mr. Abbas' Of Counsel relationship would cause serious damage to Mr. Abbas' prospective economic

22

advantages. It was intentional and foreseeable by the Defendants that their conduct would cause damage to Mr. Abbas' business relations and reputation.

50. Defendants are responsible for the damages caused to Mr. Abbas, including but not limited, the general, compensatory, tortious interference, and consequential damages. Plaintiffs respectfully requests all damages available pursuant to the law.

51. Mr. Abbas' Of Counsel relationship with Handler Thayer, and Mr. Abbas' business relations, and Mr. Abbas' clients were lost as a result of Mr. Martin and Orrick's egregious conduct. Mr. Abbas' economic relations and prospective economic advantages were damaged by Mr. Martin and Orrick.

52. As such, Plaintiff respectfully requests that punitive damages be imposed in this action against Defendants for the willful misuse of the 2nd Circuit Court's July 16 order, and for the wanton and reckless threats to Mr. Handler and Handler Thayer, and for Defendants' ill will and egregious conduct, which was solely intended to maliciously injure Plaintiff's business relations and to damage Mr. Abbas' Of counsel relationship with Handler Thayer. See e.g., *Queenie, Ltd. v. Nygard, Int'l*, 321 F.3d 282, 284 (2d Cir. 2003)(affirming punitive damages award),

23

and *Prozeralik v. Capital Cities Communications, Inc.,*82 N.Y. 2d 466, 479 (1993), and

*Purgess v. Sharrock*, 33 F. 3d 134, 142 (2d Cir. 1994).

53.    Plaintiff demands trial by jury.

## PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff, Hassan Abbas, respectfully prays for relief and

judgment, and respectfully requests the Court enter judgment against the

Defendants, Mr. Martin and Orrick, Herrington, Sutcliffe, LLP, for:

(a)    General damages, and compensatory damages, and consequential damages,

and restitution damages, and tortious interference damages, and all damages

available and permissible under the law, in the amount $2,000,000USD (Two

Million US Dollars), or as the Jury may determine; in order to make whole and/or

compensate Mr. Abbas for his significant losses, and the injury sustained to his Of

Counsel relationship with Handler Thayer, and injury to his business relations,

and the substantial damage to his prospective economic advantages, and the

damage to his reputation and mental anguish, all which has been caused by

Defendants' malicious and tortious conduct; and,

(b)    Punitive damages in the amount of $2,000,000USD (Two Million US

Dollars), or as the Jury may determine; and,

24

(c)    A total award of $4,000,000 (Four Million US Dollars); or as the Jury may

determine.

(d)    For such other relief as the Court deems just and proper.

Dated: ⟨illegible⟩    MARCH 3, 2015

Respectfully submitted,

s/Hassan A. Abbas

Hassan A. Abbas, Esq.
Attorney at Law – Pro Se
19 Don Carlos Drive,
Hanover Park, Illinois, 60133
Tel. 630 233-0621 - Fax. 630 233-8400
Email: ha.law@hotmail.be

Also:
Hassan A. Abbas
LAZARIEH BLDG., 2ND Floor, Bloc A3-01
Riad El Solh Street
Beirut, Lebanon
Tel. 9613 044034