

## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

*tel* +1-212-506-5000
*fax* +1-212-506-5151

WWW.ORRICK.COM

Richard A. Martin
(212) 506-5135
rmartin@orrick.com

March 5, 2015

***Via ECF & Hand Delivery***

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

Re:   *Hassan A. Abbas v. Orrick, Herrington & Sutcliffe LLP and Richard A. Martin, Esq.*,
      15-cv-01545(GBD), *Addendum to Related Case Statement*

Dear Judge Daniels:

On behalf of Defendants in the above referenced action, I write in support of our request that this action be deemed related to an earlier case, *Hassan A. Abbas and Midamines SPRL Ltd. v. KBC Bank N.V. and Antwerp Diamond Bank N.V.*, 12-cv-8089 (RJS) (the "Related Case"), and therefore heard by the Honorable Richard J. Sullivan, the Judge presiding over the Related Case. By way of background, in March 2014 Judge Sullivan dismissed the Related Case, finding that a mandatory, valid, and enforceable forum selection clause governed the claims brought by Mr. Abbas and his corporation. That decision was affirmed by the Court of Appeals for the Second Circuit on March 4, 2015. On the same day as the appellate argument in the Related Case, Mr. Abbas filed the complaint in this action (the "Complaint") against me and this firm for actions we allegedly took during the course of our representation of KBC Bank N.V., a defendant in the Related Case. Mr. Abbas has already raised the same claims he makes in the Complaint in several filings in the appeal in the Related Case, which were repeatedly rebuffed by the Court of Appeals. Given Judge Sullivan's familiarity with the parties to this action, as well as the underlying litigation and circumstances from which the dispute alleged in the Complaint arose, principles of judicial economy dictate that this action be reassigned to Judge Sullivan.

Pursuant to Rule 13 of the Rules for the Division of Business Among Judges, two cases shall be deemed related where the interests of justice and efficiency will be served, as determined by reference to whether: (a) the actions concern the same or substantially similar parties,



ORRICK

Hon. George B. Daniels
March 5, 2015
Page 2

property, transactions, or events; (b) there is substantial factual overlap; (c) the parties could be subjected to conflicting orders; and (d) absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.  For several reasons, those factors are met here.

*First*, there is direct overlap between the parties, participants, and facts in this action and those in the Related Case.  Each party to this action was a participant in the Related Case—Mr. Abbas as a plaintiff, and Defendants as counsel to KBC Bank N.V.  Moreover, the claims alleged in the Complaint all arise directly and exclusively from events that occurred between Mr. Abbas and Defendants in the course of litigating the appeal in the Related Case.  Specifically, the Court of Appeals sanctioned Mr. Abbas during that appeal, assessing costs and attorneys' fees against him for filing a frivolous motion to disqualify this firm as counsel.  Here, the sole basis for Mr. Abbas' Complaint is his claim that this firm's efforts to collect on those costs and fees were improper.  Thus, in addition to having familiarity with the parties to this action, Judge Sullivan has an unmatched understanding of the underlying litigation from which the dispute alleged in the Complaint arose.  Further, each order issued by the Court of Appeals in connection with the sanctions against Mr. Abbas—three in total—was docketed in the Related Case, providing that court with additional knowledge of the factual circumstances underlying this action.

*Second*, it would be inefficient, wasteful, and illogical for this action to proceed in this Court.  The Court of Appeals already ordered that, once the appeal in the Related Case is decided, the matter will be remanded to the district court so that Judge Sullivan can determine the reasonableness of attorneys' fees assessed against Mr. Abbas.  14-862, Dkt. No. 222.  On March 4, 2015, the Court of Appeals affirmed the order of the district court dismissing the Related Case.  *Id.*, Dkt. No. 238.  As a result, the court in the Related Case is now set to consider the ***very same sanctions*** that are at the center of the dispute alleged in the Complaint in this action.  Under such circumstances, a parallel proceeding in this Court tied inextricably to those sanctions is inefficient and could risk inconsistent findings or rulings.

*Third*, and finally, the filing of this action implicates and very possibly contravenes an order recently issued by Judge Sullivan in the Related Case.  On January 23, 2015, the Court of Appeals issued an order that reprimanded Mr. Abbas for frivolous, blunderbuss motion filing in the appeal in the Related Case, which continued unabated even after Mr. Abbas was sanctioned.  In that order, the Court of Appeals expressly warned Mr. Abbas not to file any more "duplicative, vexatious, or clearly meritless motions or other papers."  *Id.*, Dkt. No. 222.  Just three days later, Mr. Abbas made a submission to the district court in the Related Case, seeking reconsideration of the court's dismissal of his complaint nearly one year prior.  In an order that flatly denied Mr. Abbas' motion for reconsideration, Judge Sullivan echoed the Court of Appeals' disapprobation and likewise instructed Mr. Abbas that the further filing of any



ORRICK

Hon. George B. Daniels
March 5, 2015
Page 3

frivolous and vexatious motions or papers was subject to sanction.  12-cv-8089, Dkt. No. 65.
Therefore, this action appropriately belongs with Judge Sullivan so that he may determine
whether it runs afoul of that order and, if appropriate, take measures to enforce his own order.

Respectfully Submitted,

Richard A. Martin

cc:  Hassan A. Abbas (via ECF)