

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52ND STREET
NEW YORK, NEW YORK 10019-6142

*tel* +1-212-506-5000
*fax* +1 212-506-5151
WWW.ORRICK.COM

March 27, 2015

Richard A. Martin
(212) 506-5135
rmartin@orrick.com

***Via ECF & Email to Chambers***

Hon. Richard J. Sullivan
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Hassan A. Abbas v. Orrick, Herrington & Sutcliffe LLP and Richard A. Martin, Esq.*,
      15-cv-01545(RJS), *Request for Pre-Motion Conference*

Dear Judge Sullivan:

We respectfully submit this pre-motion letter on behalf of Defendants in the above-captioned action, which is the latest in a campaign of harassment and abusive litigation that Plaintiff Hassan Abbas ("Mr. Abbas") has waged over the past ten months. First, this action should be dismissed because it: (i) fails to state a claim; (ii) is barred by the doctrine of collateral estoppel; and (iii) contravenes this Court's explicit warning to Mr. Abbas not to submit any more meritless or vexatious filings. Second, given the Court's further instruction that violation of its proscription would result in sanctions, Defendants respectfully request that the Court impose monetary sanctions and an order prohibiting further filings without the Court's prior consent.

### 1. Pertinent Factual Background

Mr. Abbas is an attorney licensed in Illinois, although he appears to work and reside in Beirut, Lebanon. In March 2014, this Court dismissed an earlier action, to which this case has been deemed related, brought by Mr. Abbas on behalf of both himself and his corporation against KBC Bank N.V. ("KBC"), which this firm represented. *See Hassan A. Abbas and Midamines SPRL Ltd. v. KBC Bank N.V. et al.*, 12-cv-8089 (*"Midamines"*).

Here, Mr. Abbas' claim for tortious interference arises from his own wrongful conduct during the appeal in *Midamines*. In that appeal, Mr. Abbas held himself out as acting in his capacity as "of counsel" to the law firm Handler Thayer, LLP ("Handler"), beginning early in the appeal when Mr. Abbas included his Handler email address in his Notice of Appearance. From then on, Mr. Abbas conducted much of the litigation through that email address, communicating with Defendants about the appeal in correspondence that featured official Handler letterhead. Mr. Abbas persisted in this practice even as he filed and prosecuted a baseless motion to disqualify this firm as counsel to KBC in the appeal. In a July 16, 2014 order (the "Sanctions Order"), the Second Circuit not only denied that motion as meritless, but deemed it frivolous and



**ORRICK**
Hon. Richard J. Sullivan
March 27, 2015
Page 2

ordered Mr. Abbas to pay the costs and attorneys' fees it caused KBC to incur.[1]  14-862, Dkt. No. 125.  Shortly thereafter, in reliance on Mr. Abbas' own conduct suggesting he was acting on behalf of Handler, Defendants contacted that firm by email (copying Mr. Abbas) to notify it of the Sanctions Order, and to advise that Defendants may look to Handler if Mr. Abbas did not comply with that Order.  Other than responding to Mr. Abbas in that same email chain on that same day, Defendants had no further contact with Handler.

Mr. Abbas subsequently told Defendants that his "of counsel" relationship with Handler had been terminated, and that Defendants' email to Handler was to blame.  Despite their clear lack of merit, those allegations became the basis for Mr. Abbas' motion for reconsideration of the Sanctions Order, as well as a request for sanctions in a later motion.[2]  *Id.*, Dkt. Nos. 135, 201.  Both of those motions were denied, with the patent frivolousness of the latter provoking a warning from the Second Circuit that Mr. Abbas was not to submit any more "duplicative, vexatious, or clearly meritless" filings.  *Id.*, Dkt. No. 222.  Mr. Abbas flouted that warning just three days later, filing a motion in this Court seeking reconsideration (for the second time) of the March 2014 order that originally dismissed *Midamines*.  On February 3, 2015, this Court denied that motion and reiterated the Second Circuit's warning to Mr. Abbas.  12-cv-8089, Dkt. No. 65.

While those events played out, Mr. Abbas also privately threatened Defendants with his tortious interference claim to pressure them into settling the appeal in *Midamines* on behalf of KBC.  An October 28, 2014 email from Mr. Abbas actually attached a nearly identical version of the Complaint.  Mr. Abbas finally acted on his threat to file that Complaint on March 3, 2015, one day after argument in the appeal was heard.  On March 4, the Second Circuit issued a Summary Order affirming the *Midamines* dismissal.  14-862, Dkt. No. 238.

### 2.  The Complaint Fails to State a Claim

The Complaint does not come close to alleging any of the elements necessary for a claim for tortious interference with prospective economic advantage.  That claim requires a plaintiff to plead a wrongful act by the defendant that "amount[ed] to a crime or an independent tort," or was undertaken for the "sole purpose of inflicting intentional harm."  *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 F. App'x 102, 106 (2d Cir. 2012); *see also Henneberry v. Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 548 (S.D.N.Y. 2007).  The Complaint pleads nothing of the sort.  The only purported wrong alleged in the Complaint—an email Defendants sent to Handler on July 17, 2014—was not even improper, let alone independently tortious or criminal.  Nor was it sent for the "sole purpose" of harming Mr. Abbas,

---

[1]  To this date, Mr. Abbas has not paid any of the fees he has been ordered to pay.  Pursuant to a January 23, 2015 order of the Second Circuit, *Midamines* will be remanded to this Court for a determination of the reasonableness of the attorneys' fees assessed against Mr. Abbas under the Sanctions Order.  14-862, Dkt. No. 222.

[2]  Mr. Abbas also raised the same allegations in two additional motions:  a "Motion to Extend Time" and a "Motion for Judicial Notice."  14-862, Dkt. Nos. 133, 140, 170, 196.



**ORRICK**

Hon. Richard J. Sullivan
March 27, 2015
Page 3

particularly in light of Defendants' professional duty to pursue a recovery of fees on behalf of its aggrieved client. *See Valley Lane*, 455 F. App'x at 106. Defendants' actions were entirely appropriate, as Mr. Abbas was holding himself out as affiliated with the firm, and Handler or its insurance carrier might be responsible for payment of the sanctions if Mr. Abbas fails to pay.

In addition to pleading wrongful conduct, a plaintiff alleging tortious interference must plead that such conduct was the proximate cause of the injury alleged. *See Valley Lane*, 455 F. App'x at 107; *see also State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 171 (2d Cir. 2004). The Complaint is fatally flawed in this regard as well, as Mr. Abbas fails to make a plausible case that it was Defendants' email to Handler—and not his own misconduct and misuse of firm resources—that proximately caused his termination.

### 3.  <u>This Action is Barred by the Doctrine of Collateral Estoppel</u>

The allegations in the Complaint were previously raised by Mr. Abbas in at least four separate motions in the *Midamines* appeal, all of which were denied by the Second Circuit.[3] The doctrine of collateral estoppel bars Mr. Abbas from re-litigating those allegations here for a fifth time because, in order to be valid, it would require this Court to reach a determination contrary to the Second Circuit's. *See, e.g., Amadsau v. Bronx Lebanon Hosp. Ctr.*, 03-cv-6450, 2005 WL 121746, at *6-7 (S.D.N.Y. Jan. 21, 2005), *adopted by the district court and affirmed*, 225 F. App'x 32.

### 4.  <u>This Action Violates this Court's Warning and Warrants Sanctions</u>

This action is "duplicative, vexatious [and] clearly meritless." 12-cv-8089, Dkt. No. 65. Mr. Abbas was warned both by this Court and the Second Circuit against such filings. Because Mr. Abbas flatly refuses to heed those warnings and halt his frivolous litigation practices, sanctions, including monetary sanctions and a "leave-to-file" sanction requiring Mr. Abbas to obtain the Court's prior consent for any further filings, are warranted. 14-862, Dkt. No. 222; *see also* Fed. R. Civ. P. 11(c)(3); *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).

Respectfully Submitted,

*Richard A. Martin /CHL*

Richard A. Martin

cc:  Hassan A. Abbas (via ECF)

---

[3] For example, Mr. Abbas made a "Motion for Affirmative Relief" based, in part, on his claims that Defendants' email to Handler represented "harassment," an "attempt to unlawfully extract costs," and—just as alleged in the Complaint—a tactic to "damage Mr. Abbas's business relations." 14-862, Dkt. No. 201, at 5, 21. The Second Circuit not only denied that motion but deemed it "frivolous," a holding that required a determination that there was no merit to Mr. Abbas' claims concerning Defendants' contact with Handler. *Id.*, Dkt. No. 222.