

## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

April 26, 2016

Katherine L. Maco
(212) 506-5396
rkmaco@orrick.com

*VIA ECF*

Hon. Richard J. Sullivan
U.S. Dist. Ct., Southern Dist. of N.Y.
40 Foley Square, New York, NY 10007

Re:     *Abbas v. Orrick, Herrington & Sutcliffe LLP*, *et al.*, 15 Civ. 01545 (RJS)

Dear Judge Sullivan:

On behalf of Defendants in the above-captioned action, I submit herewith as Exhibit A the billing records stating the fees and costs that Defendants have incurred in litigating this action and respectfully request that the Court permit Defendants to file these records under seal.

On April 12, 2016, the parties to this action appeared at a hearing regarding potential sanctions against Plaintiff Hassan A. Abbas for frivolous filings before the Court. At that hearing, the Court requested that Defendants file a statement of the fees and costs incurred in litigating this action by April 26, 2016. The Court further permitted the parties to make a request to file such documents under seal if necessary.

Although there is a public interest in the accessibility of judicial documents, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosh v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987). Preservation of the privilege that attaches to attorney-client communications and attorney work product "might well be such a compelling reason" to defeat the presumption of access. Id. at 125.

Here, the billing statements reflecting the fees and costs that Defendants incurred in litigating this action include information that is protected by the attorney-client and work product doctrines. They reflect information regarding legal advice rendered by the attorneys to their clients, information regarding the attorneys' strategy for responding to Mr. Abbas's frivolous action, information regarding materials prepared in the anticipation and directly for litigation, and other information that is squarely protected. See, e.g., Colton v. U.S., 306 F.2d 633, 637 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S. Ct. 505 (1963); Hickman v. Taylor, 329 U.S. 495 (1947).



**ORRICK**

Hon. Richard J. Sullivan
April 26, 2016
Page 2

Accordingly, Defendants respectfully request that the Court permit Defendants to file the billing records reflecting the fees and costs incurred in litigating this action to date under seal. An unredacted version of the same billing records will be provided to the Court for an in camera review.

Respectfully submitted,

Katherine L. Maco

Enclosure


cc:  Hassan Abbas, Esq. (via ECF)